Thomas E. Morrissey, Jr., J.
Proceeding to review the determination of the respondent and for an order by the petitioner to annul and set aside the order of the respondent and for a further order compelling respondent to issue orders of decontrol.
The petitioner is the landlord and owner of premises located at No. 7 South Portland Avenue, Brooklyn. The petitioner, pursuant to plans filed with the department of housing and buildings, expended over $17,000 in converting the premises into 15 self-contained units.
Thereafter the petitioner duly filed applications pursuant to section 11 of the State Bent and Eviction Begulations for decontrol of these units. On June 28, 1956 the local rent office issued orders decontrolling 6 of the units in the premises and on the same date orders were issued declaring 9 units subject to rent control in which the rent office stated as follows: ‘ ‘ A physical inspection conducted by this office has revealed that this unit is not self-contained pursuant to provisions of section 11.”
The petitioner duly filed a protest. The Bent Administrator on November 23, 1956, denied the protest.
The petitioner then commenced a proceeding pursuant to article 78 of the Civil Practice Act which resulted in the matter being remanded to the Bent Administrator for further ■ consideration. The Administrator issued an order dated April 5, 1957 reaffirming the previous order which denied the landlord’s protest for decontrol.
It is the petitioner’s contention that the units are all self-contained units and were converted pursuant to building department plans and approval resulting in a certificate of occupancy being issued which declared the housing accommodations to be a legal Class “ A ” multiple dwelling containing a self-contained housing accommodation.
The basis of the Administrator in not granting orders of decontrol is that the kitchen equipment, which is neither recessed nor semi-enclosed, does not constitute a Pullman kitchen; that further, even if they are recessed or semi-enclosed, if all the equipment is not situated within the space thus delineated the same is not subject to decontrol.
It is the petitioner’s contention that to install a partition up to the ceiling would be illegal and contrary to the building code. The petitioner did install formica counter-dividers.
*239 At the time of the conversion, when plans were filed and approved by the department of housing and buildings, an examination of the act as passed by the Legislature and of the State Bent and Eviction Begulations failed to disclose any mention under section 11 of the rent regulations that in creating a self-contained unit it was necessary for a Pullman kitchen wherein the equipment is placed against the wall to be recessed or partitioned off.
Further, the petitioner argues that if the building department has held the unit to be a self-contained one and that it has private kitchen facilities, private bathroom facilities and a private means for ingress and egress the Bent Administrator should declare the unit subject to decontrol under the pertinent provisions of section 11 of the State Bent and Eviction Begulations, which stated as follows: ‘ ‘ Any housing accommodations resulting from conversion of housing accommodations created on or after May 1, 1950 shall continue to be subject to rent control unless the Administrator issues an order decontrolling them which he shall do if there has been a structural change in a residential unit or units involving substantial alterations or remodeling; and such change has resulted in additional housing accommodations consisting of self-contained family units, provided, however, that such order of decontrol shall not apply to that portion of the original housing accommodations occupied by a tenant in possesion at the time of the conversion, only so long as such tenant continues in occupancy. The term 1 self-contained family unit ’ shall mean a housing accommodation with private access, containing one or more rooms in addition to a kitchen (including kitchenette or pullman kitchen) and a private bathroom.”
The court agrees with the position of the petitioner. In Matter of Gaines v. Weaver, decided October 2, 1956 (168 N. Y. S. 2d 975), Mr. Justice Hart in a proceeding identical to this, in directing the Administrator to issue an order of decontrol, stated: “ It appears that the term ‘ pullman kitchen ’ means a compact collection of kitchen facilities. There is, therefore, in this housing a private access, a private bathroom, a room, in addition to what is referred to in the inspection report as a ‘ pullman kitchen. ’ There is nothing in the regulation or phrase, ‘ in addition to, ’ which connotes that the pullman kitchen must be separated, apart, detached or recessed from the remainder of the room. The rationale of this conclusion is obvious. The regulation requires 1 in addition to ’ the room, a kitchen — which imports a separate room containing kitchen facilities, a kitchenette which imports a recessed area of the *240 same room containing these facilities, or a pullman kitchen which connotes these same facilities compactly placed — without any implied requirement that.they be recessed or located in a separate room. If the terms kitchen, ’ ‘ kitchenette ’ and ‘ pullman kitchen ’ have the same meaning — a separate or recessed area — there would have been no occasion to use all three terms. A different meaning was intended for each”.
After the decision of Mr. Justice Hart in the case cited the Administrator saw fit to amend his own regulations and refers to it as amendment 59, which was promulgated March 1, 1957, and became effective March 15, 1957. This amendment to section 11 reads as follows: ‘‘ The term 1 self-contained family unit ’ shall mean a housing accommodation with private access, containing one or more rooms in addition to a kitchen (with cooking and refrigeration facilities and a sink) and a private bathroom (with a wash basin, toilet and bathtub or enclosed shower). In lieu of a kitchen the accommodation may include an enclosed kitchenette or an area in the living room which is either recessed or semi-enclosed provided that all of the above specified kitchen facilities and equipment are within such area.” It is the court’s opinion that it would be a sham if the Administrator could remand proceedings on an issue such as exists herein and thereafter on his own initiative amend the regulations to cover the situation and then use the amended regulations as a basis for denying petitioner’s contention on the ground that the law no longer covers the situation. It is to be noted that amendment 59 became effective March 15, 1957. It, therefore, cannot apply to a conversion which was commenced and completed prior to that date.
Accordingly, the order of the Bent Administrator is annulled and set aside and the Administrator is directed to issue orders of decontrol of the premises. Submit order.